**Michael J. OTTO, Individually, and on Behalf of Other Members of the General Public Similarly Situated, Plaintiff-Appellant,**

v.

**ABBOTT LABORATORIES INC., DBA Abbott Nutrition, a Delaware corporation, Defendant-Appellee.**

No. 16-55394

United States Court of Appeals, Ninth Circuit.

Argued and Submitted November 14, 2017 Pasadena, California

Filed December 12, 2017

Mark Philip Pifko, Attorney, Roland Karim Tellis, Esquire, Baron & Budd, P.C., Encino, CA, Sherri Ann Saucer, Attorney, Baron & Budd, P.C., Dallas, TX, for Plaintiff-Appellant

Mark Charles Holscher, Esquire, Attorney, Kirkland & Ellis LLP, Los Angeles, CA, Gregg F. Locascio, Christopher Landau, Kirkland & Ellis LLP, Washington, DC, for Defendant-Appellee

Before: KOZINSKI, HAWKINS, and PARKER,* Circuit Judges.

MEMORANDUM **

Michael J. Otto ("Otto") appeals the Rule 12(b)(6) dismissal of his literal-falsity claim under California law.[1] He also at-

---

* The Honorable Barrington D. Parker Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.,* California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.,* and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*

tempts to appeal the class-certification rulings regarding his deception-by-omission claim.

We have jurisdiction to hear the Rule 12(b)(6) literal-falsity dismissal, but not the class-certification rulings regarding Otto's voluntary dismissal of his deception-by-omission claim. *See Microsoft Corp. v. Baker*, — U.S. —, 137 S.Ct. 1702, 1707, 198 L.Ed.2d 132 (2017).

The determination that Otto failed to state a claim for literal falsity was proper. Viewed collectively and in full context, the sources cited by Otto reveal that Abbott's products *do* help rebuild strength naturally lost over time, at least for those with normal vitamin-D levels. Otto has therefore failed to plausibly allege that Abbott's representations were literally false. *See, e.g., Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint and [w]e do not ... necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (citations and quotation marks omitted); *In re GNC Corp.*, 789 F.3d 505, 516 (4th Cir. 2015) (a representation is not literally false under the UCL and the CLRA if "the scientific evidence is equivocal").

**DISMISSED IN PART AND AFFIRMED IN PART.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.